1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4    JOHN DAVID PAMPLIN,                                3:16-cv-00668-MMD-VPC

5                                    Plaintiff,

6        v.                                              **REPORT AND RECOMMENDATION**
                                                         **OF U.S. MAGISTRATE JUDGE**
7

8    JAMES DZURENDA, *et al.,*

9                                    Defendants.

10

11          This Report and Recommendation is made to the Honorable Miranda M. Du, United

12   States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

13   U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' motion to enforce

14   settlement agreement (ECF No. 17), which plaintiff opposed (ECF No. 21), and to which

15   defendants replied (ECF No. 23).  Having thoroughly reviewed the record and papers, the court

16   hereby recommends that the defendants' motion to enforce settlement be granted.

17                  **I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

18          John David Pamplin ("plaintiff") is an inmate in the custody of the Nevada Department of

19   Corrections ("NDOC") and was incarcerated at Northern Nevada Correctional Center ("NNCC")

20   at the time of the alleged events.  (ECF No. 4.)  Plaintiff generally alleges that NNCC prison

21   officials deprived him of his personal property, which included items that are necessary to his

22   religious exercise.  (*See id.*)  The court issued a screening order and allowed plaintiff to proceed

23   on a First Amendment Free Exercise claim and a claim brought under the Religious Land Use and

24   Institutionalized Persons Act of 2000 ("RLUIPA").  (ECF No. 3.)

25          On January 9, 2018 the parties participated in early mediation as part of the District of

26   Nevada's early inmate mediation program, and were able to reach a settlement.  (*See* ECF No.

27   12.)  The parties agreed that this court would retain jurisdiction of this matter during finalization

28

of the settlement agreement, and the parties were to submit a stipulation and dismissal with prejudice to the court no later than February 9, 2018. (*Id.*)

At the conclusion of the January 9, 2018 early mediation, the parties convened in open court to establish on the record the terms of the settlement agreement. (*See* ECF No. 12.) The agreement reached between the parties was conditional on defendants' counsel sending plaintiff an itemized breakdown of plaintiff's NDOC institutional debt for plaintiff's review. (*Id.*; *see also* ECF Nos. 13, 14.) Specifically, the parties agreed that Deputy Attorney General Joshua M. Halen would obtain an itemized breakdown of plaintiff's NDOC debt for plaintiff's review. After plaintiff received his itemized breakdown, he would review the breakdown for any discrepancies and raise those concerns with defendants' counsel. (ECF No. 12.) After reviewing the breakdown, if he found no discrepancies with the calculation of his debt, then the settlement agreement would be executed and enforceable. (*Id.*) This was the only condition of the settlement agreement. (Id.)

Once the conditional portion of the settlement agreement was met, the parties agreed to the following: the NDOC would forgive $200 of plaintiff's NDOC institutional debt and the NDOC would set up an expedited hearing by the Full Review Committee for plaintiff, at which the committee would evaluate plaintiff for a potential transfer to another NDOC institution. (*Id.*; ECF No. 14 at 1.) In exchange for these promises by the NDOC, plaintiff agreed to dismiss his case with prejudice. (*Id.*) Execution of the condition would make the settlement agreement binding. (*Id.*)

When the mediator, counsel, and the parties put the settlement terms on the record, the mediator inquired of all present a number of times if there were any clarifications or questions concerning the settlement. (*Id.*) Plaintiff stated that he had no questions or clarifications, and he had no additional terms to be placed on the record.

On January 18, 2018, counsel for defendants sent plaintiff a letter executing the conditional portion of the settlement agreement, an itemized breakdown of his NDOC debt, a draft of the settlement agreement, and a stipulation for dismissal and a proposed order. (*See* ECF No. 17 Exhs. 1-4.) On January 24, 2018, plaintiff sent correspondence to defendants' counsel

1    stating he refused to sign the settlement agreement.  (*See* ECF No. 17 Exh. 5.)  Plaintiff's basis

2    for refusing to sign the proposed settlement agreement was that its terms were allegedly not what

3    plaintiff believed was agreed to at the early mediation.  (*Id.*) On this basis, plaintiff made an

4    increased settlement offer: 1) NDOC would give plaintiff a television, an MPS player, a hotpot,

5    two blankets, two sets of personal sheets and pillows, two pairs of jeans, and one jean shirt; 2)

6    NDOC would forgive plaintiff of all institutional debt, in the amount of $3,766; and 3) NDOC

7    would forgive plaintiff of all restitution owed.  (*Id.*)  Defendants' motion to enforce the settlement

8    agreement is now before the court.

9    **II.     MOTION TO ENFORCE SETTLEMENT AGREEMENT**

10   Courts have inherent authority to enforce settlement agreements between parties in

11   pending cases.  *See Metronet Services Corp. v. U.S. West Communications*, 329 F.3d 986, 1013-

12   1014 (9th Cir. 2003), *cert. granted and judgment vacated on other grounds by Quest Corp. v.*

13   *Metronet Services Corp.*, 540 U.S. 1147 (2004); *Doi v. Halekulani Corporation*, 276 F.3d 1131,

14   1136-1138 (9th Cir. 2002); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957, (9th Cir. 1994).

15   Moreover, a material term of this settlement agreement was that the court retained jurisdiction

16   over the settlement until the stipulation for dismissal was lodged with the Clerk of Court.  (*See*

17   ECF No. 12.)

18   To enforce a settlement agreement, two elements must be satisfied.  *Marks-Foreman v.*

19   *Reporter Pub Co.*, 12 F. Supp. 1089, 1092 (S.D. Cal. 1998).  First, the settlement agreement must

20   be complete.  *Id.*, citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *Doi*,

21   276 F.3d at 1137.  Second, the settlement agreement must be the result of an agreement of the

22   parties or their authorized representatives concerning the terms of the settlement.  *Marks-*

23   *Foreman*, 12 F. Supp. at 1092, citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-1145

24   (9th Cir. 1977), *Doi*, 276 F.3d at 1137-1138.  Where parties raise objections after the parties agree

25   to a settlement, the court may rightfully deny such objections.  *Harrop*, 550 F.2d at 1144.

26   The court must first consider whether the settlement agreement was complete.  *Marks-*

27   *Foreman*, 12 F. Supp. at 1092.  In this case, as in *Doi*, 276 F.3d 1131, the parties spent a

28   substantial amount of time in private and joint sessions and agreed to a settlement of this case.

The parties and counsel then reconvened in open court to place the material terms of the agreement into the record (*See* ECF No. 12). The parties and counsel stated that they understood and agreed that they had a binding settlement that day, conditioned upon plaintiff's receipt and review of an itemized statement of his NDOC institutional debt. They also agreed that the terms could not be changed, even though a proposed settlement agreement memorializing the terms in writing would follow. The conditional settlement agreement was complete on January 9, 2018, when the parties agreed to each material term. *Doi*, 276 F.3d at 1138 ("An agreement announced on the record becomes binding even if a party has a change of heart after she agreed to its terms but before the terms are reduced to writing.")

The condition to the settlement agreement was satisfied at the latest by February 2, 2018, when plaintiff confirmed to defendants' counsel that he understood where his NDOC debt originated and found no discrepancies. (ECF No. 17 at 3; Exh. 6 at 3.) Consistent with this phone call, plaintiff submitted a status report admitting that he "understood the debt on [his] account" on February 2, 2015. (ECF No. 15.) Plaintiff attempts to argue that the proposed settlement agreement, as written, does not reflect the terms that the parties orally agreed to at the early mediation, but he fails to explain how the terms differ. (*See* ECF No. 15, 21.) Moreover, the court has reviewed the entire transcript of the hearing, and finds that proposed settlement agreement is identical to the oral agreement reached at the mediation. Contrary to plaintiff's assertions, the record does not indicate that defendants have been anything less than "honest and fair with the plaintiff." (ECF No. 21 at 1.) Rather, plaintiff's refusal to sign the settlement agreement after the condition precedent has been satisfied, and his decision to counteroffer for better terms, are manifestly improper.

The court must then consider whether the settlement agreement was the result of an agreement of the parties or their authorized representatives. *Marks-Foreman*, 12 F. Supp. at 1092. There is no dispute that plaintiff and defendants' authorized representative agreed to the stated terms of the settlement, which were later reduced to writing in the settlement agreement, attached as Exhibit 3 to defendants' motion (ECF No. 17).

### III.    CONCLUSION

Based upon the foregoing, the court concludes that the parties entered into a binding settlement agreement, in open court, on January 9, 2018.    The court recommends that defendants' motion to enforce settlement agreement (ECF No. 18) be granted.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.    These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to enforce settlement agreement (ECF No. 18) be **GRANTED**.    The parties shall submit the stipulation and order dismissing this case with prejudice within ten days of the date of the District Court's order adopting this report and recommendation.

**DATED**: July 30, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**