UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN DAVID PAMPLIN,<br><br>                 Plaintiff,<br>v.<br><br>JAMES DZURENDA, *et al.*,<br><br>                 Defendants. | Case No. 3:16-cv-00668-MMD-VPC<br><br>ORDER |

The parties reached a conditional settlement after participating in early mediation conference on January 9, 2018. (ECF No. 12.) The condition was subsequently satisfied.[1] However, a dispute arose about the terms of the settlement agreement that resulted in Defendants filing a motion to enforce settlement ("Motion"). (ECF No. 17.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Valerie P. Cooke (ECF No. 27) recommending that the Court grant the Motion. Plaintiff filed an objection (ECF No. 28) and Defendants have responded (ECF No. 29). Because the parties dispute the terms of the settlement which were presented on the record, the Court directed the production of the transcript of the mediation ("Transcript"). (ECF No. 30.)

Having reviewed the relevant briefs and the Transcript (ECF No. 31), the Court adopts the R&R (ECF No. 27) and grants Defendants' Motion (ECF No. 17).

---

[1]The condition involved Defendants' counsel sending an itemized list of Plaintiff's institutional debt for Plaintiff to determine if the list comports with his own calculation. (ECF No. 26; ECF No. 27 at 2–3; ECF No. 31 at 2–3.) Plaintiff's subsequent dispute with the terms of the settlement does not involve Defendants' calculation of his institutional debt. (ECF No. 27 at 2–3; ECF Nos. 15, 21, 28.)

1   This Court "may accept, reject, or modify, in whole or in part, the findings or
2   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party
3   timely objects to a magistrate judge's report and recommendation, then the court is
4   required to "make a *de novo* determination of those portions of the [report and
5   recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails
6   to object, however, the court is not required to conduct "any review at all . . . of any issue
7   that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed,
8   the Ninth Circuit has recognized that a district court is not required to review a magistrate
9   judge's report and recommendation where no objections have been filed. *See United*
10  *States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review
11  employed by the district court when reviewing a report and recommendation to which no
12  objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D.
13  Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that
14  district courts are not required to review "any issue that is not the subject of an objection.").
15  Thus, if there is no objection to a magistrate judge's recommendation, then the court may
16  accept the recommendation without review. *See, e.g.*, *id.* at 1226 (accepting, without
17  review, a magistrate judge's recommendation to which no objection was filed).

18  In light of Plaintiff's objection, the Court has conducted a de novo review to
19  determine whether to adopt the R&R. Judge Cooke rejected Plaintiff's claim that the
20  settlement agreement differs from the terms of the settlement as presented on the record
21  after reviewing the transcript of the proceeding. (ECF No. 27 at 4.) In his objection, Plaintiff
22  insists that two terms are missing from the settlement agreement that the parties had
23  agreed as presented on the records—(1) Plaintiff is to receive an MP-3 player and (2) the
24  Nevada Department of Corrections would immediately transfer him to another institution.
25  (ECF No. 28 at 1.) However, the Transcript does not support Plaintiff's contention. (*See*
26  ECF No. 31.) The Transcript supports Judge Cooke's findings as to the terms of the
27  parties' settlement. Accordingly, the Court will adopt the R&R in full.
28  ///

It therefore ordered that Judge Cooke's Report and Recommendation (ECF No. 27) is adopted.

It is further ordered that Defendants' motion to enforce settlement (ECF No. 17) is granted.

It is further ordered that this action is dismissed with prejudice based on the terms of the parties' settlement as presented on the records (ECF No. 31).

It is further ordered that the Clerk of the Court send Plaintiff a copy of the transcript of the mediation (ECF No. 31).

The Clerk is instructed to close this case.

DATED THIS 27th day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE